Roksana D. Moradi-Brovia (Bar No. 266572)
Matthew D. Resnik (Bar No. 182562)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
matt@RHMFirm.com

*Proposed Attorneys for Debtor*
ROBERT WADE CLIPPINGER

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT WADE CLIPPINGER,<br><br>Debtor. | Case No. 2:20-bk-19680-BR<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION BY DEBTOR TO DISMISS CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT WADE CLIPPINGER IN SUPPORT THEREOF**<br><br>Date: TBA<br>Time: TBA<br>Place: Courtroom 1668<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; TO THE UNITED STATES TRUSTEE AND HIS COUNSEL OF RECORD; AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that *at a date and time to be set by the Court,* in Courtroom 1668 of the above-entitled United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, CA 90012, Robert Wade Clippinger, the debtor and debtor-in-possession ("DIP") herein (the "Debtor"), shall, and does hereby, move the Court, pursuant to 11 U.S.C. §1112, for an order dismissing this Chapter 11 case.

The Debtor seeks dismissal of this case because in the two weeks that this case has been pending, the Debtor was able to secure a refinance of his home located at 101 S. Norton Avenue, Los Angeles, CA 90004. This case was filed to prevent a foreclosure sale of the Debtor's residence and now that his new proposed lender is ready to close escrow on the new loan, there is now nothing to left reorganize.

The Motion is based upon this Notice of Motion and Motion, the attached declaration, all pleadings and records on file in this case, and upon such other evidentiary matters as may be presented to the Court regarding the Motion.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1, any party opposing the relief sought by the Motion must file a written opposition setting forth the facts and law upon which the opposition is based and must appear at the hearing on the Motion. Any factual allegations set forth in such written response must be supported by competent and admissible evidence.

Any response or opposition to the Motion must be filed with the Court and served on Debtor's counsel at least 14-days prior to the scheduled hearing date on the Motion (not excluding Saturdays, Sundays or legal holidays).

Such responses, if any, must be served on the Reorganized Debtor's counsel Debtor's counsel, the U.S. Trustee and any other required parties in interest. Any response not timely filed and served may be deemed by the Court to be consent to the granting of the relief requested by the Motion. If you do not have any objection to this Motion, you need not take further action.

///
///
///
///
///
///
///

**RESNIK HAYES**
**MORADI LLP**

1     WHEREFORE, the Debtor respectfully requests that the Court grant this Motion
2 and dismiss this Chapter 11 case.

4 Dated: November 11, 2020      **RESNIK HAYES MORADI LLP**

    **By:**   /s/ Roksana D. Moradi-Brovia
          **Roksana D. Moradi-Brovia**
          **Matthew D. Resnik**
          *Proposed Attorneys for Debtor*
          Robert Wade Clippinger

**RESNIK HAYES MORADI LLP**

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case was filed on October 27, 2020 to prevent a foreclosure sale of the Debtor's residence located at 101 S. Norton Avenue, Los Angeles, CA 90004, set for the morning of October 28, 2020, by sole lienholder, FCI Lenders Services, Inc. ("FCI"). *This is the Debtor's only bankruptcy filing.*

In the two weeks that this case has been pending, the Debtor has been able to secure a refinance of his home. Attached hereto as **Exhibit "A"** is a copy of the First American Title Co. closing statement which shows that Evergreen Advantage, LLC is lending the Debtor $3,285,000, which will be used to pay off FCI's claim in full.

Now that his new proposed lender is ready to close escrow on the new loan, there is nothing to left reorganize in this case and the Debtor accordingly seeks dismissal.

Other than property taxes associated with his home (POC No. 1), the Debtor owes about $70,000 in general unsecured debts. He believes that dismissal is in the best interest of all creditors and the estate because he can address these unsecured claims outside of bankruptcy - without incurring the significant fees associated with prosecuting a Chapter 11 case.

## II. DISCUSSION

The Court should dismiss this case because the Debtor's general unsecured creditors will be paid outside the bankruptcy without the need to him to incur – and essentially divert funds to - additional and unnecessary administrative fees.

**§ 1112. Conversion or dismissal**

**(b)(1)** . . . on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in

RESNIK HAYES
MORADI LLP

4

the best interests of creditors and the estate, if the movant establishes cause.

**(2)** The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that--

> **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> **(B)** the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> **(i)** for which there exists a reasonable justification for the act or omission; and
>>
>> **(ii)** that will be cured within a reasonable period of time fixed by the court.

In *In re Mazzocone*, 183 B.R. 402, (Bkrtcy.E.D.Pa. 1995), the court said: "When the debtor requests a dismissal of Chapter 11 case, such relief should be granted unless the party opposing the relief establishes that "plain legal prejudice" to creditors would otherwise result." *See also*, *In re Midland Marina, Inc.*, 259 B.R. 683, (8th Cir. BAP (Iowa) 2001).

The Debtor seeks to dismiss its case because now that his new proposed lender is ready to close escrow on the new loan, there is nothing to left reorganize in this case.

His secured creditors will not be prejudiced by dismissal because their claims will be paid in full via the refinance.

His unsecured creditors will not be prejudiced by the dismissal because their claims will be paid in full outside of this case without these claimants having to retain bankruptcy counsel to protect their rights.

Based on the forgoing, the Debtor maintains that dismissal is in the best interests of

the creditors and the estate.

### III. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion, and dismiss his Chapter 11 Bankruptcy case herein, retain jurisdiction for Debtor's counsel's fee application and for such other and further relief as the Court may deem just and proper.

Dated: November 11, 2020                **RESNIK HAYES MORADI LLP**

                                                        **By:**     /s/ Roksana D. Moradi-Brovia
                                                              **Roksana D. Moradi-Brovia**
                                                              **Matthew D. Resnik**
                                                              *Proposed Attorneys for Debtor*
                                                              Robert Wade Clippinger

**RESNIK HAYES MORADI LLP**

# DECLARATION OF ROBERT WADE CLIPPINGER

I, ROBERT WADE CLIPPINGER, declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2. I am the debtor in this Chapter 11 case.

3. I filed this case on October 27, 2020 to prevent a foreclosure sale of my residence located at 101 S. Norton Avenue, Los Angeles, CA 90004, which was set for the morning of October 28, 2020, by sole lienholder, FCI Lenders Services, Inc. ("FCI").

4. This is my only bankruptcy filing.

5. In the two weeks that this case has been pending, I have been able to secure a refinance of my home. Attached hereto as **Exhibit "A"** is a true and correct copy of the First American Title Co. closing statement which shows that Evergreen Advantage, LLC is lending me $3,285,000, which will be used to pay off FCI's claim in full.

6. Now that my new proposed lender is ready to close escrow on the new loan, there is nothing to left reorganize in this case and I accordingly seek dismissal.

7. Other than property taxes associated with my home (POC No. 1), I owe about $70,000 in general unsecured debts.

8. I believe that dismissal is in the best interest of all creditors and the estate because I can address my unsecured claims outside of bankruptcy - without the need for me to incur – and essentially divert funds to - additional and unnecessary administrative fees.

9. I believe that my unsecured creditors will not be prejudiced by the dismissal because their claims will be paid in full outside of this case without these claimants having to retain bankruptcy counsel to protect their rights.

**RESNIK HAYES**
**MORADI LLP**

7

10. I believe that my secured creditors will not be prejudiced by dismissal because their claims will be paid in full via the refinance.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct

Executed on November ____, 2020, at _____, California.

By: ___SEE NEXT PAGE___

**Robert Wade Clippinger**
*Declarant*

10. I believe that my secured creditors will not be prejudiced by dismissal because their claims will be paid in full via the refinance.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct

Executed on November 11, 2020, at Los Angeles, California.

By: _____
**Robert Wade Clippinger**
*Declarant*

RESNIK HAYES MORADI LLP

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): <u>NOTICE OF MOTION AND MOTION BY DEBTOR TO DISMISS CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT WADE CLIPPINGER IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>11/11/2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) <u>11/11/2020</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

No Judge's Copy required for documents less than 25-pages per GENERAL ORDER 20-06 - IN RE: PROCEDURES FOR PHASED REOPENING DURING COVID-19 PUBLIC EMERGENCY.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>11/11/2020</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/11/2020 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Todd S Garan**  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Roksana D. Moradi-Brovia**  roksana@rhmfirm.com, matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Martin W. Phillips**  marty.phillips@att.net
- **Matthew D. Resnik**  matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL</u>:**

Robert Wade Clippinger
101 S. Norton Ave.
Los Angeles, CA 90004

ALL CREDITORS:

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Employment Development Dept.
Bankruptcy Group MIC 92E
Po Box 826880
Sacramento, CA 94280

California Department of Tax and Fee Administration
Account Information Group MIC:29
P.O. Box 942879
Sacramento, CA 94279

U. S. Securities and Exchange Commission

Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Attorney General
United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

Los Angeles County Treasurer and Tax Collector
PO Box 54110
Los Angeles, CA 90054